STATE of Missouri, Plaintiff/Respondent,

v.

Daryl L. DAVIS, Defendant/Appellant.

No. 73928.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 18, 1999.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Defendant Daryl L. Davis appeals from the judgment entered on a jury verdict finding him guilty of one count of stealing $150.00 or more, in violation of Section 570.030 RSMo (1994). The trial court found defendant to be a prior offender and sentenced him to seven years imprisonment. On appeal defendant primarily contends and the state concedes that the trial court erred in denying his motions to suppress evidence and in admitting into evidence the items seized from him during an investigatory stop, search, and arrest. We reverse and remand.

On the night of July 24 or early morning of July 25, 1997, someone broke into the office of United Cerebral Palsy on Old Bonhomme Road in St. Louis County and took a box

containing dollar bills in a plastic bank deposit bag, rolled coins, and a soft drink glass full of change. The theft was not discovered and reported to the police until 1:00 p.m. on July 25, 1997.

Meanwhile, at about 2:37 a.m. on July 25, a police dispatcher communicated to Officer Roy Simmons, a police officer with the city of Breckenridge Hills, a report of "a suspicious black male wearing a white T-shirt, carrying a box, in the rear of the 3300 block of Woodson, Tom's Archery." As he was driving to Tom's Archery, Simmons witnessed defendant walking on the south side of St. Charles Rock Road carrying a partially opened box and wearing an ash-colored gray T-shirt. Simmons stopped his vehicle and approached defendant, whom he had known socially for three or four years. Simmons asked defendant if he had been at the back of Tom's Archery. Defendant responded he had been smoking a cigarette behind the establishment. Simmons questioned defendant about the contents of the box and could see a soft drink cup full of change in the box. Simmons directed defendant to place the box on the trunk of the police car. Simmons lifted the lid of the box and also saw a bank bag containing one dollar bills, rolled coins, and a small box. Simmons asked defendant about the source of the cash and defendant replied that he had earned the money doing lawn work.

Simmons then received information that Tom's Archery was secure. Simmons noticed that defendant's pockets were bulging and decided to pat him down for his own safety. Simmons removed gloves and a crumpled United Cerebral Palsy label from defendant's pockets. At the motion to suppress hearing, but not at trial, Simmons also testified that he removed a Walgreens medicine bottle from defendant's pocket in which he found a half-smoked marijuana cigarette. As a result, he arrested defendant for possession of a controlled substance.

Defendant was taken to the police station and, upon release, was given a receipt for the box of money. Defendant was told that, if no one claimed the money, he could reclaim it in three days. Three days later, when defendant returned to the police station to reclaim the box of money, defendant was arrested for receiving stolen property.

■ For his first point defendant asserts that the trial court erred in overruling his motions to suppress evidence and in admitting into evidence the items seized from him on the morning of July 25 for the reasons that: 1) his initial detention was unlawful because it was not supported by reasonable suspicion, based upon specific and articulable facts, that defendant was engaged in criminal activity and, 2) even if the detention was supported by reasonable suspicion, the search exceeded the scope of the detention because Officer Simmons did not testify that he thought defendant was armed when he searched his pockets.

■ The state concedes that the search exceeded the scope of the detention. Once a valid stop has been made, an officer may pat down a suspect's outer clothing if the officer has a reasonable, particularized suspicion that the subject is armed. *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). The purpose of this limited search is not to discover evidence of a crime but to allow the officer to pursue the investigation without fear of violence. *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972); *State v. Rushing,* 935 S.W.2d 30, 32 (Mo. banc 1996). "[I]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." *Minnesota v. Dickerson,* 508 U.S. 366, 375–376, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993). If the incriminating character of the object is not immediately apparent to the officer, the officer may not seize it. *Id.* at 379, 113 S.Ct. at 2139.

In this case the state failed to adduce any evidence that Simmons believed from his pat down that defendant had weapons or contraband in his pockets. The search thus ex-

ceeded the scope of the *Terry* stop and the fruits of that search should have been suppressed. The box and its contents were discovered prior to the pat down, but were seized as part of defendant's arrest which was based on the discovery of marijuana. Because the seizure resulted from an improper arrest, the fruits of that seizure must also be suppressed. *State v. Peters*, 695 S.W.2d 140, 149 (Mo.App.1985).

■ The parties disagree on the remedy. Defendant asks that the case be reversed and remanded for a new trial without the suppressed evidence. The state asks that we remand to allow the state to produce additional evidence to meet its burden in overcoming the motion to suppress evidence, citing *State v. Smith*, 966 S.W.2d 1, 9 (Mo.App. 1997). In *Smith* the Western District reversed and remanded for instructional error. It also found that the state had failed to sustain its burden on the motion to suppress and held that the trial court erred in denying the motion. It directed the trial court on remand to sustain the motion unless the state produced other persuasive evidence.

■ We agree with the state's position. Where a case is reversed for trial court error in failing to sustain a motion to suppress, on remand the state may request a further evidentiary hearing on the motion to suppress to develop additional facts in opposition to the motion or it may proceed to trial without using the evidence illegally seized. *State v. Howell*, 524 S.W.2d 11, 20 (Mo. banc 1975).

Defendant's second point asserts closing argument error. Because this matter is not likely to come up again in the new trial, we do not decide this issue.

The judgment of the trial court is reversed and remanded for disposition consistent with this opinion.

PAUL J. SIMON, P.J. and LAWRENCE E. MOONEY, J., concur.